KLIEBERT, Chief Judge.
This matter comes before us on a suspen-sive appeal taken by Terrebone, Ltd. and Clint Waguespack, two of the named defendants, in a suit for damages by plaintiff, Jarrod Foret. A judgment against the defendants in the amount of $30,000.00 was rendered on confirmation of default. For the reasons hereinafter stated we affirm.
The pertinent procedural matters are as follows:
Plaintiffs suit, filed on September 4, 1992, sought damages for injuries which occurred when his fingers were caught in the rotating blades of an electric wood planer on September 6, 1991. It was alleged in the petition that the accident occurred when plaintiff was working on a boat owned by defendant Clint Wagues-pack at the latter’s request and situated at the principal place of business of defendant Terrebone, Ltd. It was alleged that though the planer was manufactured by another defendant, it was owned and/or supplied by defendants Waguespack and Terrebone. The further allegation is made that the machine did not have a guarding device, that those defendants did not instruct petitioner in its use nor issue adequate warnings and, as a result, the petitioner’s hand and fingers were deeply sliced.
Personal service was effected on defendants Waguespack and Terrebone on or about September 18, 1992. A thirty day extension of time within which to plead was requested by them through their attorney and signed on October 13, 1992 granting until November 13, 1992 within which time to file an answer. No answer or other pleadings having been filed, a preliminary default was entered on November 16, 1992. At a hearing held on November 19, 1992, the default judgment was confirmed with these two defendants being cast in the amount of $30,000.00 together with legal interest and costs. This suspensive appeal followed.
The appellants' brief in this Court has been objected to by appellee by a Motion to Dismiss, Motion to Strike and Motion for Attorney’s Fees and Costs, the thrust of which is levelled principally to numerous allegations of fact which do not appear in the record on appeal. We have carefully examined the brief in this connection and found that appellee’s contentions are well founded. Indeed, the abundant and flagrant reference to matters not in the record was found to be a gross deviation from the acceptable. As the record is complete in all respects, however, we deem it more appropriate to decide the matter on the merits rather than to consider a dismissal of the appeal for the reasons set forth in the appellee’s motion.
Assignment of Error No. 1 by the appellants urges error on the part of the trial court in finding that plaintiff proved a prima facie case when the testimony taken at the trial on confirmation of default indicated that plaintiff was an employee of appellants, thus affording the latter immunity from tort liability. Such is simply not the case as the record is devoid of any evidence that plaintiff was to be compensated for the work performed by him on the day of the accident. The only testimony with respect to actual employment had to do merely with a job that plaintiff was to do (changing doorknobs) for Mr. Wagues-pack. This was not to begin until the Sunday following the accident and could not take place because of plaintiff’s injuries. Insofar as the status of the plaintiff on the day of the accident is concerned, the record only shows that he was at the site and working on the boat at the request of Mr. Waguespack.
In Assignment of Error No. 2 the appellants urge that there was error on the part of the trial court in finding that the plaintiff had proved a prima facie case against Waguespack, individually, who was acting within the course and scope of his employment as president of Terrebone, Ltd. at the time of the accident. There is no merit to this assignment. The testimony is that on the day of the accident the plaintiff was at the Terrebone, Ltd. place *857 of business. He was there at the request of Waguespack, “who asked him to work on his boat for him” and, further, that Waguespack had the custody and control of the planer machine and gave him neither warning nor instructions with respect thereto. (Emphasis supplied).
In the third assignment of error appellants assert error on the part of the lower court in finding that the expert witness who testified on behalf of the plaintiff had sufficient information to render an opinion as to the alleged defective nature of the wood planer. A Mr. Holt Fastring was this witness and his testimony was as follows:
He is a licensed professional and mechanical engineer, board certified as a safety professional, and very familiar with safety regulations concerning woodworking devices and planer machines. He was recognized by the trial court has having previously qualified as an expert in safety design and mechanical engineering and was tendered and accepted as such. He drew a picture of a planer, identified by plaintiff as an accurate description of the planer in question, testified that the planer had “no safety devices of any kind,” that it was obviously “unreasonably unsafe” and violated the nationally accepted OSHA and ANSI safety standards. He concluded by stating that the planer was “so unreasonably dangerous that, without those guards, that machine could just lop off ends of fingers and do the job that they did on Mr. Foret, without a doubt.” This testimony makes it clear that this assignment of error has no merit.
The fourth and final assignment of error is that the award of $30,000.00 for plaintiff’s injuries is excessive. Mr. Foret described the tips of his fingers as having been “chewed up;” Danna LaChute, his fiancee, testified that his hand was “mangled up bad;” and the medical records described the injuries as “jagged ovulsion” type. The plaintiff was taken to the Mea-dowcrest Hospital afterwards where suturing was applied to the lacerations. Medical services amounted to $435.50.
The plaintiff testified that “after the accident, my hand felt like it had cut the fingers off completely. It was numb. I panicked.” The plaintiff further testified with respect to pain and discomfort, including numbness in cold weather, which continued to the time of trial, some fourteen months after the accident. In addition, he testified that he had scars and that the hand was weaker than before the accident. Danna LaChute corroborated her testimony regarding his pain and suffering.
The plaintiff also testified as to lost income. According to his testimony (corroborated by receipts in the record) his earning capacity was at a rate of from $6.50 to $7.00 per hour, working a 40 hour week. He stated that because of his injuries he was unable to start work until some six to eight months after the accident.
In his petition the plaintiff claimed damages for past, present and future pain and suffering, lost wages, past, present and future disability, mental anguish, disfigurement, and medical expenses. The award of $30,000.00 was to cover all of these items and we do not find it to be excessive.
With respect defendant’s effort to “make us aware” of his ongoing activities relative to an action of nullity which took place after the judgment on appeal was rendered, we point out that our review is limited to the record as it was constituted at the time the judgment was rendered.
It is well settled that in reviewing a default judgment, the appellate court is restricted to a determination of whether the record contains sufficient evidence to prove a prima facie case. Rhodes v. All-Star Ford, Inc., 599 So.2d 812 (1st Cir.1992). The record as reviewed above establishes that the plaintiff here has clearly complied with that requirement and the judgment appealed from will, therefore, be affirmed.
AFFIRMED.