696 So.2d 64 (1997)
Lee W. PHILLIPS d/b/a Lee's Service Company,
v.
SPACE MASTER INTERNATIONAL, INC.
No. 96-CA-877.
Court of Appeal of Louisiana, Fifth Circuit.
May 14, 1997.
*65 Louis Leonard Galvis, Deana D. Palmisano, Sessions & Fishman, L.L.P., New Orleans, for Defendant/Appellant.
Daryl K. Manning, Baton Rouge, for Plaintiff/Appellee.
*66 Before GAUDIN, GRISBAUM and WICKER, JJ.
WICKER, Judge.
In this suit on open account, defendant, Space Master International, Inc., appeals a default judgment rendered against it in the amount of $29,036.80 plus judicial interest, attorney's fees in the amount of $2,500, and all costs.
Lee W. Phillips d/b/a Lee's Service Company filed a petition on open account on July 25, 1991, alleging that Space Master International, Inc. owed plaintiff $29,036.80 for services in the form of repairs and maintenance to mobile office units owned by defendant. An itemized statement of account was attached to the petition. Nearly five years later, on July 11, 1996, plaintiff entered a preliminary default against defendant, supported by an affidavit of correctness of account, an attorney's affidavit regarding the default proceedings, an affidavit for attorney's fees, and copies of the unpaid invoices and demand letter. The default was confirmed on July 23, 1996.
Defendant has filed a suspensive appeal, asserting the default judgment was obtained by fraud and ill practices. Defendant contends that plaintiff's counsel had an agreement with defense counsel to grant an indefinite extension of time to answer the suit, during which the attorneys would work to resolve the underlying dispute, and that the entry and confirmation of the default judgment violated this agreement. In support of its argument defendant has attached copies of correspondence between counsel which took place in 1991.
In reviewing a judgment of default, the appellate court is restricted to a determination of whether the record contains sufficient evidence to support a prima facie case. Collins v. Estrade, 93-977 (La.App. 5 Cir. 5/11/94); 638 So.2d 275, 277; Foret v. Terrebone, Ltd., 621 So.2d 855 (La.App. 5 Cir. 1993). "In order to obtain a reversal of a default judgment, the appellant must overcome the presumption that the judgment has been rendered upon sufficient evidence and is correct. * * * The presumption that the judgment is correct and that the default was confirmed by proof of the demand sufficient to establish a prima facie case applies unless the contrary appears in the record." Taylor v. Dowden, 563 So.2d 1294, 1296 (La.App. 3 Cir.1990).
An appeal cannot be used as a substitute for an action in nullity. Where the appellant claims the judgment was obtained by fraud or ill practices, he must make a direct attack on the judgment by an action in nullity.
Such a judgment is not an absolute nullity; the nullity must be properly decreed within the time prescribed. The established jurisprudence of this State requires that such grounds be asserted in a direct action and not raised collaterally....
* * * * * *
A judgment, although founded on ill practices, must be presumed to have been regularly obtained until the contrary is shown in direct proceedings. By a direct action is meant that the party praying for the nullity of a judgment, before the court which has rendered same, must bring his action by means of a petition; and the adverse party must be cited to appear, as in ordinary suits.
A collateral attack, on the other hand, is defined as an attempt to impeach the decree in a proceeding not instituted for the express purpose of annulling it. * * *
No principle of law has received greater and more frequent sanction, or is more deeply imbedded in our jurisprudence, than that which forbids a collateral attack on a judgment or order of a competent tribunal, not void on its face ab initio.
Nethken v. Nethken, 307 So.2d 563, 565 (La. 1975).
Thus, appellant cannot attack this default judgment in appeal of the judgment itself. Rather, his complaints related to fraud or ill practice must be brought as a direct action and not as an appeal. La.Code Civ. P. art. 2004; Charia v. Mungoven, 550 So.2d 939, 941 (La.App. 5 Cir.1989). That simply means that such fraud or ill practices cannot be raised obliquely (e.g., as a defense in an action brought other than for the express *67 purpose of annulling the judgment); it does not prevent the defendant from seeking to have the default judgment annulled in same proceeding that resulted in judgment. Roach v. Pearl, 95 1573 (La.App. 1 Cir. 5/10/96); 673 So.2d 691, 693 (reiterating the principles set forth in Nethken, supra).
The party attacking the judgment as null must file a petition, with service and citation upon the adverse party. Nethken, supra. The action for nullity need not be filed in a new proceeding with a different number, howeverwhat is important is that it be in a pleading directed to the express purpose of annulling the judgment. Roach, supra. (In fact, defendant-appellant has advised us, by footnote in its brief and in oral argument, that it has already filed a separate action for nullity in the district court.)
Similarly, the action in nullity cannot be used as a substitute for an appeal on the grounds that the judgment is erroneous as a matter of law, because such an appeal tests the sufficiency of the evidence put forth at the confirmation hearing. American Supply Co. of Morgan City, Inc. v. Petrolane Offshore Const. Services, Inc., 289 So.2d 356, 357-358 (La.App. 1 Cir.1973). Accordingly, in this appeal we may review only the validity of the default judgment based on the record.
The requirements for obtaining a judgment by default are set forth in La.Code Civ. P. arts. 1701 and 1702. Judgment by default may be entered against a defendant in the principal or incidental demand who fails to answer within the time prescribed by law. La.Code Civ. P. Art. 1701. The default must be confirmed by proof of the demand sufficient to establish a prima facie case and that the confirmation may take place after two days from the entry of the preliminary default. La.Code Civ. P. Art. 1702.
When the sum due is on an open account or a promissory note or other negotiable instrument, an affidavit of the correctness thereof shall be prima facie proof. La.Code Civ. P. art. 1702(B)(3). In suits on open account, no hearing in open court is necessary, at the court's discretion; the plaintiff must submit to the court the proof required by law and the clerk of court shall certify that no answer or other pleading has been filed by the defendant. La.Code Civ. P. art. 1702(C).
La. R.S. 9:2781(A) provides for award of "reasonable attorney fees" in suits for the prosecution and collection of open accounts. In addition, La.Code Civ. P. art. 1702.1 lists the required information and certifications for confirmation of a default judgment without a hearing in open court, as follows:
A. When the plaintiff seeks to confirm a default judgment as provided in Article 1702(B)(1) and (C), along with any proof required by law, he or his attorney shall include, in an itemized form with the motion and judgment, a certification that the suit is on an open account ... and that the necessary invoices and affidavit, note and affidavit, or check or certified reproduction thereof are attached. If attorney fees are sought under R.S. 9:2781 or 2782, the attorney shall certify that fact and that a copy of the demand letter and the return receipt showing the date received by the debtor are attached and that the number of days required by R.S. 9:2781(A) or 2782(A), respectively, have elapsed before suit was filed.
B. The certification shall indicate the type of service made on the defendant, the date of service, and the date a preliminary default was entered, and shall also include a certification by the clerk that the record was examined by the clerk, including therein the date of the examination and a statement that no answer or other opposition has been filed.
The documentation offered in support of the judgment by default must meet the procedural requirements of La.Code Civ.P. art. 1702.1, as well as the evidentiary proof of La.Code Civ. P. art. 1702(A). Charia v. Mungoven, supra.
We have reviewed the evidence presented in support of the default confirmation and find no defect in the documents or the proceedings. Accordingly, there is no basis in the record to reverse the default judgment.
*68 As for defendant's complaints regarding fraud or ill practices, apart from the requirements for annulment of judgments already discussed, we note that defendant's brief contains assertions and correspondence which were not in evidence and are not part of the record here. Documents not placed in evidence and issues not brought before the trial court cannot be considered on appeal. The court of appeal has no jurisdiction to receive new evidence. Sutton v. Montegut, 544 So.2d 1181, 1184 (La.App. 5 Cir.1989). Hence, those issues may be addressed only in an action to annul the judgment.
For the foregoing reasons, the judgment of the district court is affirmed. The defendant-appellant is cast for all costs.
AFFIRMED.