h GREMILLION, Judge.
The defendant, Stephanie Toledo, appeals from the granting of a default judgment in favor of the plaintiff, Opelousas General Hospital Authority, a Public Trust, d/b/a Opelousas General Hospital. We affirm in part and vacate in part.
FACTS
On November 16, 1999, Opelousas General filed a Petition for Monies Due seeking $12,575 in payment for medical services rendered to the defendants, John Toledo and Stephanie Toledo. A review of the record reveals that John answered the petition, but that Stephanie did not.[1] On December 29, 1999, Opelousas General filed a First Supplemental and Amending Petition, amending the amount sought from $12,575 to three separate debts of $12,173.33, $2,687.99, and $5,227.05. It then filed a Motion and Order to Enter a Preliminary Default against Stephanie, which was granted by the trial court on February 1, 2000. The preliminary default was confirmed by Opelousas General on February 10, 2000. The judgment awarded Opelousas General the three amounts prayed for, along with legal interest from the date of judicial demand until paid, reasonable attorney’s fees, and costs on each amount sought.
On February 29, 2000, Opelousas General filed a Motion to Amend Judgment, to express in dollar amounts the amount of reasonable attorney’s fees awarded in the February 10, 2000 judgment. The trial court granted the motion and amended the judgment to award Opelousas General attorney’s fees of $3,000 on the $12,173.33 debt; $600 on the $2,687.99 debt; and $1,250 on the $5,227.05 debt. This appeal by Stephanie followed.
IJSSUES
Stephanie raises four assignments of error on appeal:
*296 1) The amended judgment of February 29, 2000 substantively altered the original judgment in violation of La. Code Civ.P. art.1951.
2) Both judgments were obtained by fraud or ill practice since counsel for Opelousas General failed to notify her counsel of his intention to seek a preliminary default.
3) Opelousas General was untruthful in its affidavit, and the affidavit failed to establish a prima facie case.
4) Both judgments were obtained by fraud or ill practice because Opelou-sas General failed to give her credit for payments made.
AMENDED JUDGMENT
In her first assignment of error, Stephanie argues that the February 29, 2000 judgment substantively altered the original judgment in violation of La.Code Civ.P. art. 1951.
Article 1951 provides, “A final judgment may be amended by the trial court at any time, with or without notice, on its own motion or on motion of any party: (1) To alter the phraseology of the judgment, but not the substance; or (2) To correct errors of calculation.” Thus, a judgment may be amended as long as the amendment takes nothing from or adds nothing to the original judgment. Villaume v. Villaume, 363 So.2d 448 (La.1978). The substance of a judgment may only be changed upon a request for a new trial or by appeal. Oliver v. Department of Public Safety & Connections, 94-1223 (La.App. 1 Cir. 6/23/95); 657 So.2d 596.
We find that the inclusion of the exact dollar amounts representing the “reasonable attorney’s fees” substantively changed the original judgment. See Id.; Perrodin v. Southern Siding Co., 524 So.2d 885 (La.App. 3 Cir.1988). Since neither party moved for a new trial nor appealed the judgment to this court, the trial court was without jurisdiction to amend the February 10, 2000 judgment. Accordingly, the amended judgment is null and void and the original judgment is reinstated.
FRAUD OR ILL PRACTICE
In her second and fourth assignments of error, Stephanie argues that the trial court’s judgment should be annulled because it was obtained by fraud or ill practice. However, this argument must be brought in a direct action since “[a]n appeal cannot be used as a substitute for an action in nullity.” Phillips v. Space Master Intern., Inc., 96-877, p. 2 (La.App. 5 Cir. 5/14/97); 696 So.2d 64, 66; La.Code Civ.P. art. 2004; see also Nethken v. Nethken, 307 So.2d 563 (La.1975). Stephanie has filed a Petition to Annul Default Judgments, which is pending before the trial court. This is the proper vehicle to attack the default judgment. At the moment, we are restricted to determining whether the trial court properly granted the default judgment. This entails reviewing the record to ensure that it contains evidence sufficient to support a prima facie case. Phillips, 696 So.2d 64.
After reviewing the record, we find that the evidence submitted by Opelousas General was sufficient to establish a prima facie case. The trial court’s default judgment is affirmed. These assignments of error are dismissed as being without merit. This finding also renders Stephanie’s third assignment of error moot.
CONCLUSION
For the foregoing reasons, the amended judgment is vacated and the trial court’s original judgment is reinstated. The judgment granting the default judgment Lis affirmed. The costs of this appeal are assessed equally between the parties.
AFFIRMED IN PART AND VACATED IN PART.

. John's answer contains the allegation that the debt is Stephanie’s separate debt since they were separated at the time the debt was incurred.