| .EDWARD A. DUFRESNE, JR., Chief Judge.
This is an appeal by Stacy Pizani and her children, Lawrence Blake Jones, her attorney, Scheuermann and Jones, a law firm, Atlas Boats, Inc., Champion Offshore Boat Services, Inc. and Marathon Oil Company, all defendants in an intervention action. The court awarded $9,170.24 for fees and expenses to Ronald Welcker, interve-nor, an attorney who initially represented Ms. Pizani’s husband in this personal injury suit. Because Champion Offshore Boat Services, Inc. was never a named party in this action, we vacate the judgment as to that entity. However, as we find no other legal or manifest factual error in the district court proceeding, we affirm the remainder of the judgment.
The underlying facts are not disputed. On March 26, 1996, Sidney Fabre was injured aboard a vessel owned by his employer, Atlas Boats. He retained Ronald Welcker to represent him in the matter and signed a retainer agreement. That agreement tracked the language of La. R.S. 37:218, which provides that an attorney may by way of a contract acquire an interest in the subject matter of the client’s suit. It further provides that if the contract so states “any settlement, compromise, discontinuance or other disposition” of the suit made without the | .written consent of the attorney and the client is “null and void.” That language appears in the contract at issue here.
After some preliminary investigation and negotiations, Welcker filed suit against Atlas Boats on July 24, 1996. Within several weeks, Fabre terminated Welcker and retained instead Lawrence Blake Jones of the firm of Scheuermann and Jones. Welcker thereupon filed the contract with the clerk of court and also filed an intervention in the suit asserting his interest in its subject matter.
During the course of litigation Fabre died and Stacy Pizani, his wife, and his children were substituted as plaintiffs. By way of an amended petition Marathon Oil Company was added as a defendant. There does not appear any pleading in the record naming Champion Offshore Boat Services, Inc. as a defendant.
On April 3, 2000, a notice of a doctor’s deposition was filed into the record. By May 12, 2000, a compromise of the suit was reached as to the plaintiffs and Atlas, Marathon and Champion, and those claims were dismissed by those parties. This is the only mention of Champion made in the proceedings up to that time. Jones represented in the district court and repeats here that the settlement agreement obligated Pizani and her children to hold harmless and defend the settling defendants from any other claims which might be brought against them growing out of the suit or the settlement agreement. Jones testified that he received a legal fee of $76,000.
Welcker was not notified of the settlement and his intervention was not dis *944 missed with the rest of the suit. In early 2003, Welcker discovered the compromise. He thereupon filed on April 3, 2003, an amended intervention naming as additional parties Lawrence Jones and Jones and Scheuermann. Apparently acting under the authority of the settlement agreement Jones answered and urged various exceptions to the amended petition on behalf not only of | ¿himself, his law firm and the original plaintiffs, but also on behalf of Atlas and Marathon. Again, no mention is made in these pleadings of Champion.
The various exceptions were denied and the matter proceeded to trial. Welcker Testified that he had performed approximately 25 hours of work on the case. He produced correspondence, doctors’ bills and reports dealing with the case, all of which corroborated this testimony. He also testified that he had advanced the client $4,170.24 for medical and living expenses, and produced a ledger sheet from his office records substantiating this claim. He further testified that he could not produce cancelled checks for these advances because his bank records had been seized by government investigators in an unrelated matter.
On this evidence the trial judge rendered judgment for $5,000.00 in legal fees and $4,170.24 in reimbursement for money advanced, with interest from the date of the settlement. All of the defendants in intervention now appeal.
The first error urged is that service of the supplemental petition of intervention was defective because it was not served on the Pizani family personally, but rather on Jones, who claims that he was by then no longer their attorney. We reject this argument for two reasons. First, the intervention portion of the suit was still pending when the supplemental pleading was filed, and Jones had never withdrawn as counsel of record for the Pizani family. Second, the supplemental petition only added additional parties to the suit and in no way added any new allegations or claims against the original plaintiffs.
The second argument is that the intervention had been abandoned as per La. Code Civ. Pro. Art 561, because Welcker had taken no action in its prosecution for over three years from its filing in 1996. This is a misreading of the above article. There is no requirement that every party to an action must initiate some legal step in the prosecution or defense of the case at least once in every three years, but only that at least one party has taken such action. Moreover, once the intervention was Isfiled there was nothing else for Welcker to do until plaintiffs claim was resolved. We finally note that the April 3, 2000, and the May 12, 2000, dismissal of the claims in the main demand constituted steps in the prosecution of the case, and Welcker’s supplemental petition was filed within three years of those actions. We thus reject this assignment of error as well.
The third issue is whether the in solido judgment against Marathon and Champion was proper. As shown above, Marathon was added as a party defendant after the intervention was filed and is not named in the supplemental intervention. The only mention of Champion in the proceedings on the main demand is as a party to be released in the motion to dismiss of May 12, 2000. It was never otherwise named as a defendant, did not file any pleadings and did not otherwise appear in any capacity in the suit. In this circumstance, it was clear error to cast it in judgment in the intervention action, and we set aside that portion of the judgment.
On the other hand, Marathon was made a party defendant in the main action and it answered the petition. Although it *945 was never served with the original petition in intervention or named and served with the supplemental petition in intervention, the original petition was in the record of the case. Moreover, the contract with Welcker was filed with the clerk of court and thus became a public record sufficient to put all parties with an interest in the subject matter of the suit on notice that this claim existed. See Martin v. David, 95-1411 (La.App. 3rd Cir.7/31/96) 685 So.2d 158. Thus, when Marathon settled the main demand without taking into account the claim for legal fees, it did so to its own prejudice, and it was thus properly cast in judgment for these fees and costs.
Appellants’ final two arguments concern the adequacy of the evidence to support the judgment. We first note that the manifest error standard of review of factual findings in attorney fee disputes is the same as that for other cases. Gordon v. Levet, 94-279 (La.App. 5th Cir.9/27/94), 643 So.2d 371. Our inquiry is thus whether or not a reasonable trier of fact could have made the findings that the trial judge did, after considering the entirety of the evidence.
In the present case Welcker testified to the time he spent on the case, and he produced corroboration of this time in the form of various letters, medical reports, the original petition and the employment contract. While he did not nave contemporaneous time sheets, his estimation of the time spent on the case was nonetheless found to be credible by the trial judge. We find nothing manifestly erroneous or clearly wrong in the determinations as to the time spent and the value of that time at $200 per hour, and therefore affirm the award of fees.
Similarly Welcker testified that he advanced the client $4,170.24 for medical costs and living expenses. He supported this figure by production of his office ledger sheet for this account. He said that while he did not actually enter the figures in the ledger, he did review them frequently for accuracy and these figures were correct. Again, there is nothing implausible in his version of these advances and there was no evidence to cast doubt on these figures. We thus find nothing manifestly erroneous in these factual determinations and we therefore must affirm the reimbursement award as well.
For the foregoing reasons, the judgment against Champion Offshore Boat Services, Inc. is hereby vacated. In all other respects the judgment is affirmed.

JUDGMENT AGAINST CHAMPION OFFSHORE BOAT SERVICES, INC. VACATED. IN ALL OTHER RESPECTS, AFFIRMED.