CLARENCE E. McMANUS, Judge.
1.¿Chrysler Financial Company, L.L.C. (“Chrysler Financial”) appeals the trial court’s judgment setting attorney fees and costs based on the law suit and trial court judgment in its favor and against Gene Ducote Automotive, L.L.C. (“Gene Du-cote”) on an open account. For the reasons which follow, we affirm the December 3, 2004 judgment of the trial court awarding attorney fees of $13,312.90 and costs and expenses of $2,554.11.

STATEMENT OF THE CASE

A Vehicle Financial Agreement was executed between Chrysler Financial Company, L.L.C. and Gene Ducote Automotive, L.L.C. on June 11, 1985. Chrysler Financial filed suit against Gene Ducote on this open account on February 28, 2001 to collect amounts it said Gene Ducote owed. On January 29, 2002, Chrysler Financial filed a motion for summary judgment but the trial court denied the motion to allow Gene Ducote to complete discovery. The trial court reserved Chrysler Financial’s right to re-urge the motion for summary judgment, so it re-urged the motion on January 23, 2003 alleging that Gene Du-cote owed $41,375.20. The trial court heard and granted the motion in favor of Chrysler Financial in the amount of $41,375.20, plus judicial interest, attorney fees and costs. Gene Ducote |3filed an appeal with this Court and, by opinion dated March 1, 2005, the judgment of the trial court is affirmed.
Chrysler Financial then filed a Motion to Establish Amount of Attorney’s Fees, Costs & Expenses Due seeking approximately $40,000 in attorney fees, plus costs and expenses incurred as a result of the original suit on the open account. A hearing on this motion was held in the trial court on August 17, 2004 and a status conference regarding this matter was held on November 18, 2004. At the hearing on the matter, Chrysler Financial argued that it was entitled to approximately $40,000 for attorney fees and costs. It attached “redacted” versions of its attorney bills. “Unredacted” versions of the bills were made available to the trial court for in camera inspection. This process was done in order to preserve the attorney-client privilege. Chrysler Financial argued that La. R.S. 9:2781 only required that the fee be reasonable. Chrysler Financial argued that the fee it sought was reasonable because it was related to obtaining the judgment and defending against Gene Ducote’s defenses. Chrysler Financial also argued the hourly rate was reasonable and was a negotiated rate between it and the law firm.
In opposition, Gene Ducote argued that $40,000 was not a reasonable amount of attorney fees for a $41,375.20 judgment. It argued that 25% of the principal judgment amount is normal for a collection matter such as this. Gene Ducote also argued that the case did not go to trial, was decided on a motion for summary judgment, and only included one deposition, one set of written interrogatories, and one written requests for production of documents. Gene Ducote also argued that it had settlement negotiations with Chrysler Financial and the parties could have settled the matter for $30,000 three years prior to the judgment. However, Chrysler Financial would not lower the amount sought, and|4Gene Ducote’s previous counsel stated he knew Gene Ducote owed something, but Chrysler Financial could not prove how it calculated the number it sought.
At the hearing on the motion, the trial court stated that the statute only says *1189 “reasonable” attorney fees are due. The trial court further pointed out that there was substantial work involved because there were three volumes of records produced and someone had to sort through them. The trial court then rendered a judgment on the motion on December 4, 2004, awarding Chrysler Financial attorney fees of $13,312.90, equal to 25% of the principal amount of the judgment plus interest that had accrued through June 11, 2004. The judgment also awarded $2,554.11, for costs and expenses. The trial court judgment also reserved Chrysler Financial’s claims for reimbursement of attorney fees, costs and expenses incurred in connection with the appeal of the original judgment or appeal of this judgment and collection of either judgment. Chrysler Financial now appeals that December 3, 2004 judgment.

DISCUSSION

On appeal, Chrysler Financial argues that the attorney fees awarded pursuant to the Louisiana Open Account Statute, La. R.S. 9:2781, does not have to be a simple percentage of the amount of the debt, but should be reasonable. It contends that the amount of attorney fees actually incurred is reasonable and should be awarded. Chrysler Financial argues that the trial court did not carefully weigh the relevant factors in determining reasonable attorney fees. It argues the trial court did not consider Chrysler’s counsel’s affidavit or the invoices submitted which showed the attorney fees incurred. Chrysler Financial also argues on appeal that Gene Ducote’s defenses and arguments caused it to incur the additional attorney fees. Chrysler Financial was awarded the exact amount it sought to collect and it argues Gene DuCote could have avoided the attorney fees by paying the amount | supon receipt of the demand letter. Therefore, Chrysler Financial argues it is entitled to an award for the entire amount of attorney fees incurred, which was approximately $40,000.
In opposition, Gene Ducote argues that the Louisiana Open Account Statute, La. R.S. 9:2781, only entitles a successful claimant to “reasonable attorney fees” for prosecution and collection of the claim. In addition, Gene Ducote argues that case law provides the factors to consider when deciding what fee would be reasonable. Gene Ducote contends that this case included limited written discovery, only one deposition by Ducote and only two short hearings on' Chrysler’s motion for summary judgment and this case was not complicated or time consuming and required no specialized legal knowledge or skill. Therefore, it argues that the trial court did weigh all the relevant factors in determining reasonable attorney fees.
An appellate court applies the manifest error standard of review for an award of attorney fees. Fabre v. Atlas Boats, Inc., 03-1216 (La.App. 5 Cir. 2/23/04), 868 So.2d 941, 945. We must decide whether or not a reasonable trier of fact could have made the findings the trial court did. Id.
We agree with the trial court and find that it did weigh all relevant factors in this case and awarded reasonable attorney fees and costs to Chrysler Financial. For the reasons which follow, we find that the trial court did not abuse its discretion in setting the amount of attorney fees and costs awarded to Chrysler Financial, as described in the December 3, 2004 judgment, and we affirm that judgment.
| fiLouisiana Revised Statute 9:2781, known as the Louisiana Open Account Statute, states:
A. When any person fails to pay an open account within thirty days after the claimant sends written demand therefor correctly setting forth the amount owed, that person shall be liable to the claim *1190 ant for reasonable attorney fees for the prosecution and collection of such claim when judgment on the claim is rendered in favor of the claimant. Citation and, service of a petition shall be deemed written demand for the purpose of this Section. If the claimant and his attorney have expressly agreed that the debt- or shall be liable for the claimant’s attorney fees in a fixed or determinable amount, the claimant is entitled to that amount when judgment on the claim is rendered in favor of the claimant. Receipt of written demand by the person is not required.
B. If the demand is forwarded to the person by first class mail to his last known address, a copy of the demand shall be introduced as evidence of written demand on the debtor.
C. If the demand is made by citation and service of a petition, the person shall be entitled to pay the account without attorney fees by delivering payment to the claimant or the claimant’s attorney within ten days after service of the petition in city courts and fifteen days after service of the petition in all other courts.
D. For the purposes of this Section and Code of Civil Procedure Articles 1702 and 4916, “open account” includes any account for which a part or all of the balance is past due, whether or not the account reflects one or more transactions and whether or not at the time of contracting the parties expected future transactions. “Open account” shall include debts incurred for professional services, including but not limited to legal and medical services. For the purposes of this Section only, attorney fees shall be paid on open accounts owed to the state.
E. As used in this Section, “person” means natural and juridical persons.
This Court, in Metropolitan Reporters, Inc. v. Avery, 95-504 (La.App. 5th Cir.11/28/95), 665 So.2d 547, set forth factors to be considered when making an award for attorney fees for a suit on an open account. Those factors are: 1) ultimate result obtained; 2) responsibility incurred; 3) importance of litigation;' 4) amount involved; 5) extent and character of labor performed; 6) legal knowledge; |7 attainment and skill of attorney; 7) number of appearances made; 8) intricacies of fact and law involved; 9) diligence and skill of counsel; 10) court’s own knowledge; and 11) ability of party liable to pay.
In this case, the trial court weighed the facts according to the factors above and found that a fee of 25% of the principal judgment amount was reasonable. As La. R.S. 9:2781 provides, the attorney fees must be reasonable, but there is no requirement that it be a specific percentage of the judgment amount. The judgment in this case was for $41,375.20. This is a basic open account lawsuit in which the1 trial court awarded the original amount sought by Chrysler Financial. The matter was decided on summary judgment after limited discovery, including one deposition, one set of interrogatories, and one set of request for production. Only two hearings were held on the motion for summary judgment.
As the trial court noted, there were three volumes of documents produced that Chrysler Financial’s attorneys had to review. However, these lawyers have a negotiated rate with Chrysler Financial, so they have the knowledge of open account issues with Chrysler Financial and this particular matter did not pose the need for any special skills.
The trial court was involved with this lawsuit from the beginning and had extensive knowledge of the facts and the amount and quality of work performed by counsel *1191 for Chrysler Financial in pursuing this open account claim. The trial court had the information necessary to decide what would be a reasonable attorney fee award. Therefore, we find the trial court did not abuse its discretion in setting attorney fees in the amount of $13,312.90, which is 25% of the principal amount of the judgment plus interest accrued through June 11, 2004, and in awarding costs and expenses in the amount of $2,553.11. The total attorney fees and costs awarded would be $15,867.01. We affirm this trial court judgment.
Is We also reiterate, as the trial court noted in its judgment, that Chrysler Financial’s rights to bring future claims for attorney fees and costs relating to the appeal of the original judgment and this appeal, as well as the collection of either judgment, are reserved.
Accordingly, the December 3, 2004 judgment of the trial court awarding attorney fees, costs and expenses in the amount of $15,867.01, shall be affirmed.

AFFIRMED.