WALTER J. ROTHSCHILD, Judge.
 

 |2In this suit to enforce a lien, defendant appeals from a ruling of the trial court assessing attorney’s fees. We affirm.
 

 Garden Lakes Condominium Homeowners Association, Inc. filed the instant action against Kenneth Perrier seeking to recover amounts due under the condominium association’s by-laws. Garden Lakes alleged that it was entitled to $5,350, plus costs, interest and attorney’s fees which represented two liens filed against defendant’s property as well as association dues, assessments and late fees. Defendant failed to appear or answer this pleading, but instead filed a rule to tax costs alleging that plaintiff was demanding costs and fees that were excessive. Garden Lakes opposed the rule as premature, as no party had yet been cast in judgment. Further, Garden Lakes argued that the amounts sought were reasonable and attached invoices and an affidavit supporting the claim. Following a hearing, the trial court rendered judgment in favor of Garden Lakes and against defendant in the amount of $6,867.31 in attorney’s fees and $472.50 in court costs. | ^Defendant now appeals from this ruling.
 
 [1]
 

 On appeal, defendant does not dispute that Garden Lakes is entitled to reasonable attorney’s fees, but argues that the fees awarded here are greater than the main demand and are excessive. Defendant also contends that this case involves no complicated facts or law, and only required a brief court appearance.
 

 In this Court’s decision in
 
 Peyton Place, Condominium Associates, Inc. v. Guastella,
 
 08-365 (La.App. 5 Cir. 5/29/09), 18 So.3d 132, 146-47, we stated as follows:
 

 It is manifest in Louisiana jurisprudence that attorney’s fees are not recoverable unless authorized by contract or statute. Attorney’s fees are not awarded to make the injured party whole, but rather to discourage a particular activity or activities on the part of the other party. The trial court is vested with much discretion in determining the amount of attorney’s fees, and the amount should not be disturbed on appeal absent an abuse of discretion. Factors which are to be taken into consideration in determining the reasonableness of attorney’s fees include the ultimate result obtained, the extent and character of work performed, the responsibility incurred, the number of court appearances made, intricacies of the facts involved, the importance of the litigation, legal knowledge and skill of the attorneys, and the diligence and skill of the attorneys.
 

 (Citations omitted.)
 

 In support of its claim for attorney’s fees, Garden Lakes relies on the provisions of the Louisiana Condominium Act, specifically, La. R.S. 9:1123.115 which provides in part as follows:
 

 The association shall have a privilege on a condominium parcel for all unpaid
 
 *1149
 
 or accelerated sums assessed by the association and interest thereon at the rate provided in the condominium declaration or, in the absence thereof, at the legal interest rate. This privilege shall also secure
 
 reasonable attorney fees
 
 incurred by the association incident to the collection of the assessment or enforcement of the privilege.
 

 (Emphasis ours.)
 

 |4An appellate court applies the manifest error standard of review for an award of attorney fees.
 
 Chrysler Financial Co., L.L.C. v. Gene Ducote Automotive, L.L.C.,
 
 05-217 (La.App. 5 Cir. 10/6/05), 916 So.2d 1187, 1189. Thus, we must decide whether the award in this case is reasonable.
 

 The record in this case contains more than ample evidence to support a finding that the attorney’s fees awarded in this case were reasonable. During the proceedings on defendant’s rule to tax costs, counsel for Garden Lakes submitted copies of invoices generated in pursuing the claim for unpaid assessments and fees against Mr. Perrier. In December of 2008, counsel began receiving information on the unpaid amounts and prepared demand letters to Mr. Perrier. The invoices also indicate that counsel unsuccessfully attempted to set up a payment plan with Mr. Perrier which required approval of the association board. Counsel then prepared the lien documents and subsequently prepared and filed the petition to enforce the liens. According to the record, repeated service attempts on Mr. Perrier was necessary, and during this time, counsel for Garden Lakes corresponded with the association board. Once ownership of the property was transferred, counsel worked with the title company regarding the status of the liens. Finally, counsel defended defendant’s rule to tax costs and attempted to compromise on the amount of attorney’s fees. The final invoice was dated April 2, 2010, over 16 months after the first invoice was generated.
 

 The record also contains an affidavit executed by Regina Wedig, counsel for Garden Lakes, who stated that she billed Garden Lakes the amount of $6,867.31 for attorney’s fees and that the court costs in the matter amounted to $472.50. While we take note that the amount of attorney’s fees generated in this case exceeded the amount of the main demand, we also find that the amount of time and effort to collect the amounts due from • defendant warranted the amount. Although | ^.defendant contends that the fee should be limited to 25% of the main demand, we find no such provision in the statute authorizing the fee. The statute allows for reasonable attorney’s fees, and our review of the record in this case indicates that the fees awarded were reasonable and within the discretion of the trial court.
 

 For the reasons stated herein, we find no manifest error in the trial court’s award of attorney’s fees and costs in this case. The judgment is therefore affirmed. Defendant is to bear all costs of this appeal.
 

 AFFIRMED
 

 [1]
 

 . The record indicates that the suit was being defended by Jack Bryant, the developer and mortgage holder on the property, after execution of a dation en paiement by Kenneth Perrier.