STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

14-1200


MONSTER RENTALS, LLC

VERSUS

COONASS CONSTRUCTION OF ACADIANA, LLC


\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF ACADIA, NO. 2013-10245
HONORABLE EDWARD B. BROUSSARD, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

DAVID KENT SAVOIE
JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Sylvia R. Cooks, Shannon J. Gremillion, and David Kent Savoie, Judges.


AFFIRMED.

**Jack Derrick Miller**
**A Professional Corporation**
**415 North Parkerson Avenue**
**Crowley, LA 70527-1650**
**(337) 788-0768**
**COUNSEL FOR DEFENDANT-APPELLANT:**
    **Coonass Construction of Acadiana, LLC**

**Parker Reed Mitchell**
**Attorney at Law**
**A Professional Corporation**
**415 North Parkerson Avenue**
**Crowley, LA 70527-1650**
**(337) 788-0768**
**COUNSEL FOR DEFENDANT-APPELLANT:**
    **Coonass Construction of Acadiana, LLC**

**Paul D.Gibson**
**Gibson Gruenert, P.L.L.C.**
**600 Jefferson Street, Suite 600**
**Post Office Box 3663**
**Lafayette, LA 70502-3663**
**(337) 233-9600**
**COUNSEL FOR PLAINTIFF-APPELLEE:**
    **Monster Rentals, LLC**

**W. Corey Grimley**
**Gibson Gruenert, P.L.L.C.**
**600 Jefferson Street, Suite 600**
**Post Office Box 3663**
**Lafayette, LA 70502-3663**
**(337) 233-9600**
**COUNSEL FOR PLAINTIFF-APPELLEE:**
    **Monster Rentals, LLC**

**Amy E. Boudreaux**
**Gibson Gruenert, P.L.L.C.**
**600 Jefferson Street, Suite 600**
**Post Office Box 3663**
**Lafayette, LA 70502-3663**
**(337) 233-9600**
**COUNSEL FOR PLAINTIFF-APPELLEE:**
    **Monster Rentals, LLC**

**SAVOIE, Judge.**

In this case, Monster Rentals, LLC ("Monster Rentals") obtained a default judgment against Coonass Construction of Acadiana, LLC ("CCA") in a suit on an open account that included an award of attorney fees in an unspecified amount. Monster Rentals sought to collect on the judgment and requested that the trial court award a specific amount of attorney fees for both obtaining and collecting on the default judgment. For the reasons that follow, we affirm the trial court's refusal to set a specific amount of attorney fees for obtaining the default judgment, as well as the trial court's award of attorney fees for Monster Rentals' collection efforts. We deny Monster Rentals' request for additional attorney fees in connection with the appeal proceedings.

## FACTUAL AND PROCEDURAL BACKGROUND

On March 4, 2013, Monster Rentals filed a "Suit on Open Account" under La.R.S. 9:2781 against CCA seeking $4,122.28 in unpaid invoices for services rendered, as well as legal interest, reasonable attorney fees, and costs. CCA did not answer the lawsuit, and a preliminary default was entered on April 15, 2013. Following Monster Rentals' submission of affidavits and the unpaid invoices, a default judgment was rendered on April 24, 2013 in favor of Monster Rentals, and against CCA, in the sum of $4,122.28, together with "attorneys' fees and expenses, plus judicial interest from the date of judicial demand, until paid, and for all costs of these proceedings."

On June 12, 2013, Monster Rentals filed an "Ex Parte Motion to Examine Judgment Debtor" alleging that CCA had failed to make payments on the judgment against it. A judgment debtor examination was set for August 19, 2013, however CCA failed to appear. A "Writ of Attachment" was entered August 19, 2013

against Mr. Willie Perry, the Registered Agent for CCA, due to CCA's failure to attend the judgment debtor examination.

On October 3, 2013, counsel for Monster Rentals filed a "Motion to Reset Judgment Debtor Examination" stating that an attorney for CCA contacted him advising him of his representation of CCA, and that they had agreed to reset the matter to October 14, 2013. The Judgment Debtor Examination went forward on that date.

Monster Rentals states that it then filed a petition to make the judgment executory and for garnishment, and requested a writ of fieri facias in Lafayette Parish naming Nabors Drilling USA, L.P. as garnishee. In connection with the garnishment proceedings, Nabors Drilling submitted answers to three interrogatories and stated that it was indebted to CCA for unpaid invoices in the amount of $22,915.00. According to Monster Rentals, Nabors Drilling has placed funds in this amount on hold.

Monster Rentals then filed a motion on March 18, 2014 seeking attorney fees in the amount of $11,278.13 for both obtaining and enforcing the judgment against CCA, as well as a supplemental motion on March 31, 2014, seeking additional attorney fees in the amount of $2,449.00.

A hearing on Monster Rentals' motion was held May 27, 2014. The trial court entered judgment in favor of Monster Rentals and against CCA in the amount of $4,000.00 "representing attorney's fees thru May 27, 2014 that were incurred by Monster Rentals, LLC to enforce the Judgment rendered and signed on April 24, 2013 in this matter[,]" as well as court costs subsequent to April 24, 2013.

CCA appealed the trial court's judgment and argues that the record does not support the amount of attorney fees awarded.

Monster Rentals answered the appeal and argues that the trial court erred in declining to set the amount of attorney fees in connection with obtaining the default judgment, and that the amount awarded for its collection efforts was too low. Monster Rentals also seeks additional attorney fees for this appeal.

We will first address Monster Rentals' first assignment of error. Then we will address the amount of attorney fees awarded.

## ANALYSIS

## 1.  Attorney Fees Incurred In Connection with Obtaining Default Judgment:

Monster Rentals contends that the trial court erred in denying its request to fix the amount of attorney fees for obtaining the default judgment against CCA. We disagree, and, like the trial court, conclude that fixing the amount of attorney fees after the judgment was rendered and became final would constitute an impermissible substantive amendment of the default judgment.

We considered a nearly identical issue in *Opelousas Authority v. Toledo*, 00-706 (La.App. 3 Cir. 12/6/00), 773 So.2d 294, wherein the plaintiff obtained a default judgment that included an award of "reasonable attorney's fees". Thereafter, the trial court granted the plaintiff's motion to amend the default judgment to award an express dollar amount of attorney fees. In reversing the ruling of the trial court, we stated:

> [Louisiana Code of Civil Procedure] Article 1951 provides, 'A final judgment may be amended by the trial court at any time, with or without notice, on its own motion or on motion of any party: (1) To alter the phraseology of the judgment, but not the substance; or (2) To correct errors of calculation.' Thus, a judgment may be amended as

long as the amendment takes nothing from or adds nothing to the original judgment. *Villaume v. Villaume*, 363 So.2d 448 (La.1978). **The substance of a judgment may only be changed upon a request for a new trial or by appeal**. *Oliver v. Department of Public Safety & Corrections*, 94-1223 (La.App. 1 Cir. 6/23/95); 657 So.2d 596. (emphasis added).

We find that the inclusion of the exact dollar amounts representing the 'reasonable attorney's fees' substantively changed the original judgment. *See Id.*; *Perrodin v. Southern Siding Co.*, 524 So.2d 885 (La.App. 3 Cir. 1988). Since neither party moved for a new trial nor appealed the judgment to this court, the trial court was without jurisdiction to amend the . . . judgment. Accordingly, the amended judgment is null and void and the original judgment is reinstated.

*Opelousas Authority*, 773 So.2d at 296.

In the instant matter, it would likewise be improper to amend the original default judgment so as to set forth an express dollar amount of attorney fees when neither party moved for new trial, or appealed the judgment to this court.

Monster Rentals suggests that *Opelousas Authority* is distinguishable because it involved a motion to *amend* a judgment, rather than a request for the trial court to *fix or establish* the amount of attorney fees awarded under the original judgment. This argument lacks merit. There is no practical difference between "amending" the final judgment to provide an express dollar amount of attorney fees, and "fixing or establishing" a dollar amount of attorney fees after the judgment became final.

We also disagree with Monster Rentals' suggestion that fixing the dollar amount of attorney fees awarded in the original judgment after the judgment became final is equivalent to taxing court costs by rule to show cause under La.Code Civ.P. art. 1920. While a rule to tax costs, including expert fees, can be considered by the trial court while the judgment is on appeal as set forth in La. Code Civ.P. art. 2088(A)(10), "costs" contemplated by La.Code Civ.P. arts. 1920

4

and 2088(A)(10) do not include attorney fees. There is no statutory authority that allows a trial court to fix a specific amount of attorney fees after a judgment awarding attorney fees in an unspecified amount has become final. Instead, La.Code Civ. P. art. 1951 precludes substantively amending a judgment to award an express amount of attorney fees when the original judgment fails to do so.

Monster Rentals also relies on *Chrysler Financial Co., L.L.C., v. Gene Ducote Automotive, L.L.C.*, 05-217 (La.App. 5 Cir. 10/6/05), 916 So.2d 1187. In *Chrysler,* the court considered the amount of attorney fees awarded in connection with a "Motion to Establish Amount of Attorney's Fees" that was filed and heard after the plaintiff had obtained a summary judgment that awarded an unspecified amount of attorney fees, and after the summary judgment was affirmed on appeal. However, there is no indication that the defendant questioned the propriety of establishing the amount of attorney fees after the court of appeal affirmed the summary judgment, and that issue was not addressed by the *Chrysler* court. Therefore, we do not believe *Chrysler* is applicable to the issue before us. However, any extent to which it may be applicable, we choose not to follow it.

Instead, Monster Rentals should have included a specific amount of attorney fees in the proposed default judgment it submitted to the trial court and/or the trial court should have included a specified amount of attorney fees in the original default judgment. However, that did not occur, the judgment is now final, and it may not now be substantively amended.

## 2. Amount of Attorney Fees Awarded by The Trial Court:

Both parties appeal the amount of attorney fees awarded by the trial court for Monster Rentals' collection efforts. CCA argues the amount awarded is

5

unreasonably high based upon the record, while Monster Rentals argues that the amount awarded is insufficient.

La.R.S. 9:2781 permits an award of "reasonable attorney fees[1]" incurred for the collection of a judgment awarded on a suit on open account pursuant to the procedure set forth in La.R.S. 9:2781(F).

The appellate court reviews an award of attorney fees for an abuse of discretion. *Covington v. McNeese State Univ.*, 12–2182, (La. 5/7/13), 118 So.3d 343. The district court's factual determination will not be set aside absent manifest error. *Stobart v. State, Dep't of Trans. and Dev.*, 617 So.2d 880 (La.1993).

The Louisiana Supreme Court in *State, Dep't of Transp. and Dev. v. Williamson*, 597 So.2d 439, 441–442 (La.1992), noted the following factors for a court to consider when awarding attorney fees, which were derived from La.Rules Prof. Conduct, Rule 1.5(a):

> Factors to be taken into consideration in determining the reasonableness of attorney fees include: (1) the ultimate result obtained; (2) the responsibility incurred; (3) the importance of the litigation; (4) amount of money involved; (5) extent and character of the work performed; (6) legal knowledge, attainment, and skill of the attorneys; (7) number of appearances made; (8) intricacies of the facts involved; (9) diligence and skill of counsel; and (10) the court's own knowledge.

The trial court has discretion to determine the amount of attorney fees based upon the court's own knowledge, the evidence, and the court's observation of the case and the record. *Cupit v. Hernandez,* 45,670 (La.App. 2 Cir. 9/29/10), 48 So.3d 1114, *writ denied,* 10-2466 (La. 12/17/10), 51 So.3d 7. Specific evidence of hours worked or hourly rates charged is not required because the trial court often knows

---

[1] La.R.S. 9:2781(E)(2) defines "reasonable attorney fees" as attorney fees incurred before judgment and after judgment if the judgment creditor is required to enforce the judgment through a writ of fieri facias, writ of seizure and sale, judgment debtor examination, garnishment, or other post-judgment judicial process.

or has a good idea of the time spent on pre-trial issues, and because the record indicates the services rendered by counsel. *Id.*

In its written reasons for judgment in the instant case, the trial court noted the ten relevant factors to consider in awarding reasonable attorney fees and stated:

> The post-judgment collection efforts summarized by [Monster Rentals' counsel] in his testimony included communicating with the defendant's owner, Willie Perry, regarding payment of the judgment. According to [Monster Rentals' counsel], Mr. Perry expressed an interest in settling, but ultimately 'discontinued wanting to discuss the matter with us because we were maintaining that our client was entitled to not only the judgment amount, but under the open account statute, to the additional [attorney's fees and costs]. [Monster Rentals' counsel] testified that after negotiations were broken off, his firm went forward with resetting the judgment debtor rule.

> Mr. Perry retained counsel, who wrote to plaintiff's counsel on September 9, 2013 and said:

> > Additionally, I understand that you wish to have a judgment debtor rule with Mr. Perry. There is no need for you to reset that for court since I can make them available to you at my office at any time that is convenient for the two of you.

> Despite that communication, plaintiff's counsel filed a motion to reset the judgment debtor examination on October 3, 2014 and obtained an order setting it on October 14, 201[4] at the defense counsel's office in Crowley. The judgment debtor examination subsequently took place, and [Monster Rentals' counsel] testified that his firm undertook some unspecified actions to locate a third party holding an asset of the defendant that could be seized to satisfy the judgment. It was ultimately determined that [Nabor's] Drilling had an account payable that it owed to the defendant. It was not clear from [Monster Rentals' counsel's] testimony whether this determination was made from information obtained at the judgment debtor examination or through other efforts. Plaintiff's counsel filed pleadings to make the judgment executory in Lafayette Parish and propounded a set of three garnishment interrogatories, which resulted in the seizure of the account. Plaintiff's counsel also filed this rule, together with pre-hearing and post-hearing memoranda.

> In light of [Monster Rentals' counsel's] testimony that negotiations with Mr. Perry broke down over his refusal to pay pre-judgment attorney's fees, which this Court has disallowed, plaintiff's counsel's subsequent collection efforts have been of questionable

value to the plaintiff. However, in the absence of evidence of an unconditional tender by the defendant, the Court finds that they were reasonably undertaken to protect the plaintiff's interests. The pleadings filed to facilitate the judgment debtor examination and garnishment are of the kind routinely employed to effect collections. There is no suggestion that their preparation involved consideration of complex facts or difficult legal issues. Somewhat novel legal questions were raised by the plaintiff's efforts to collect pre-judgment attorney's fees and its reliance on redacted billing statements, but the memoranda submitted by plaintiff's counsel were of no assistance to the Court in resolving the issues.

The Court finds from a preponderance of the evidence that the work performed by plaintiff's counsel to collect the $4,122.28 judgment, including work done in connection with this rule, should have been completed in twenty hours or less. Although [Monster Rentals' counsel] testified that his firm charges its clients a negotiated rate of $250.00 per for his services, it appears that the overwhelming majority of the work on this matter was performed by associates and paralegals for which the plaintiff was charged a lesser rate. Given the amount of the judgment, the amount of work performed, and the degree of skill reflected in the work product, the Court finds that the highest reasonable hourly rate for the work performed is $200.00.

CCA contends that the record does not support the $4,000.00 in attorney fees that was awarded. While we believe the trial court's award is on the higher end of what would be reasonable, the trial court's judgment is reasonably supported by the record, and does not constitute an abuse of discretion or manifest error.

Monster Rentals contends that the trial court's award was too low, and that it should have considered counsel's invoices that were attached to Monster Rentals' motion for attorney fees. The invoices attached to the motion were redacted so that none of the descriptions for any of the attorney services allegedly rendered are visible. The trial court refused to consider the invoices noting that, while Monster Rentals had indicated a willingness to make unredacted invoices available for *in camera* inspection, the invoices were never formally offered into evidence by counsel at the hearing on Monster Rentals' motion, and that unredacted invoices

had not been made available to the CCA.  Given the discretion afforded to the trial court, we find no manifest error in its ruling.

### 3. Additional Attorney Fees for Appeal

Monster Rentals also seeks attorney fees incurred in connection with this appeal. As we stated in *Vander v. Safeway Ins. Co. of La.,* 08-888, pp. 10-12 (La.App. 3 Cir. 2/25/09), 5 So.3d 968, 975-976:

> An increase in attorney's fees for services rendered on appeal is *usually* awarded when the defendant appeals and obtains no relief on appeal, and when the plaintiff requests it in accordance with proper appellate procedure [citations omitted].
>
> . . .
>
> [W]hether we award attorney's fees for work done on appeal, when the attorney is less than 100% successful, is an issue to be determined on a case by case basis.

On appeal, Monster Rentals has unsuccessfully sought (1) a specific dollar amount of attorney fees incurred in obtaining the original judgment that has become final, when it failed to so in connection with obtaining the default judgment, and (2) an increase in attorney fees awarded for its collection efforts based upon redacted invoices that were not formally offered into evidence.  Even though CCA has also appealed and unsuccessfully sought a reduction in the amount of attorney fees awarded by the trial court, the bulk of the issues before this Court stem from meritless assertions by Monster Rentals at both the trial court level and to this Court, and an award of additional attorney fees is not warranted.

### DECREE

For the foregoing reasons, the judgment of the trial court is affirmed, and Monster Rentals' request for an increase in attorney fees on appeal is denied.

Costs of these proceedings are assessed as follows: 50% to Coonass Construction of Acadiana, LLC, and 50% to Monster Rentals, LLC.

**AFFIRMED.**